IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO LOPEZ-VICTORINO, FATHER OF | § | |
| GERARDO LOPEZ-ORENDAY, DECEASED, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BRIAN LYNN COLBURN and | § | CIVIL ACTION NO. 4:21-cv-171 |
| TARGET CORPORATION, | § | |
|     Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| MARIA JACKSON, | § | |
| WIFE OF GERARDO LOPEZ- | § | |
| ORENDAY, DECEASED, | § | |
|     Intervenor. | § | |

---

**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL
AND MOTION TO TRANSFER VENUE**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Target Corporation ("Defendant" or "Target") in the cause styled *"Antonio Lopez-Victorino, Father of Gerardo Lopez-Orenday, Deceased v. Brian Lynn Colburn and Target Corporation v. Maria Jackson, Wife of Gerardo Lopez-Orenday, Deceased,"* originally pending as Cause No. 096-321139-20 in the 96th Judicial District Court of Tarrant County, Texas, files this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division.

## I.
## BASIS FOR REMOVAL

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332.[1]

Diversity jurisdiction exists because there is complete diversity of citizenship between the proper

parties to this action.[2] Defendant Target Corporation is not a citizen of the State of Texas;

Defendant Brian Lynn Colburn ("Defendant Colburn") was improperly/fraudulently joined, and

thus his citizenship should be disregarded for purposes of removal; and the amount in

controversy exceeds $75,000, exclusive of interest and costs.[3]

## II.
## UNDERLYING SUIT

This lawsuit arises out of work-related fatality accident on October 10, 2020, in which one

employee of Hogan Dedicated Services, LLC (Defendant Colburn) struck and killed another Hogan

Dedicated Services, LLC employee (decedent Gerald Lopez-Orenday) ("Decedent") while

operating a "yard truck"[4] at the Target Distribution Center in Midlothian, Texas. Both employees

were acting in the course and scope of their employment with Hogan Dedicated Services, LLC

("Hogan") at the time of the accident.[5]

Plaintiff Antonio Lopez-Victorino (Decedent's father) filed suit against Defendant Colburn

on October 22, 2020, in the 96th Judicial District Court of Tarrant County, Texas, seeking

---

[1] See 28 U.S.C. § 1441(a)-(b) (2011).

[2] Id.

[3] See 28 U.S.C. § 1332 (2012).

[4] A "yard truck" is a 14-wheel truck used to move trailers from one dock door to another for loading and unloading.

[5] See 12/10/2020 Aff. of Scott Randall ("Randall Aff.") at p. 2, ¶¶ 6, 10, and accompanying "Exhibit 1-A" to the Affidavit (a true and correct copy of a Certificate of Insurance for Hogan Dedicated Services, LLC with a policy period of 11/1/2019 to 11/1/2020), collectively attached as **Exhibit 1**.

(1) damages for the death of Decedent; and (2) a temporary restraining order ("TRO").[6] Because the Application for TRO sought entry onto Target's property, Target filed a Plea in Intervention on November 3, 2020.[7] Target and Plaintiff worked out an agreement pursuant to which Target permitted Plaintiff's counsel and experts to inspect the premises and truck at issue on December 11, 2020. After the inspection, Target moved to dismiss its Plea in Intervention, which the Court granted on January 27, 2021.[8] On January 5, 2021, Intervenor Maria Jackson, Decedent's purported common-law wife ("Intervenor Jackson") file her Original Petition in Intervention against Defendant Colburn.[9]

### III.
### EXISTENCE OF DIVERSITY JURISDICTION

**A.  Overview of the Parties' Diversity of Citizenship**

Diversity of citizenship exists because once the parties are properly aligned according to their interests, and the citizenship of the improperly/fraudulently joined party (Defendant Colburn) is disregarded, complete diversity of citizenship exists. In other words, complete diversity of citizenship exists between Plaintiff and Intervenor (who is properly aligned as a plaintiff) on the one hand, and Defendant Target (the only properly joined defendant) on the other.

---

[6] *See* 10/22/2020 Pl.'s Orig. Pet. and Applic. for Temp. Restraining Order, for Injunctive Relief, and for an Order to Enter Upon Property ("Pl.'s Orig. Pet.").

[7] *See* 11/3/2020 Target Corp.'s Plea in Intervention and Resp. in Opposition to Pl.'s Orig. Pet. and Applic. for Temp. Restraining Order, for Injunctive Relief, and for an Order to Enter Upon Property

[8] *See* 1/26/2021 Target Corp.'s No. of and, if Necessary, Mot. for Nonsuit and Dismissal, and 1/27/2021 Order Granting Target Corp.'s Mot. to Nonsuit and Dismiss its Plea in Intervention.

[9] *See* 1/5/2021 Intervenor's Orig. Pet.

**B.   Citizenship of the Parties**

1.   <u>Plaintiff Antonio Lopez-Victorino</u>. At the time of the initial filing of this action in state court and at the time of this removal, Plaintiff was and is a citizen, resident, and domicile of the State of Texas.[10]

2.   <u>Defendant Brian Lynn Colburn</u>. At the time of the initial filing of this action in state court and at the current time of this removal, Defendant Colburn was and is a citizen, resident, and domicile of the State of Texas.[11] However, for the reasons discussed below, Defendant Colburn is not a proper party to this action. Rather, he has been improperly and/or fraudulently joined, and hence his citizenship should not be considered for purposes of determining diversity and removal jurisdiction.

3.   <u>Defendant Target Corporation</u>. Defendant Target Corporation is incorporated in Minnesota, with its principal place of business in Minnesota. Target has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

4.   <u>Intervenor Maria Jackson</u>. At the time of her intervention in state court and at the current time of this removal, Intervenor Jackson was and is a citizen, resident, and domicile of the State of Texas.[12] Intervenor Jackson is properly aligned as a "plaintiff" in this action because like Plaintiff, she is seeking to recover damages resulting from Decedent's fatal accident at the Midlothian Target Distribution Center.[13]

---

[10] *See* 10/22/2020 Pl.'s Orig. Pet., at p. 2, ¶ 2.01.

[11] *See id*. at p. 2, ¶ 2.02.

[12] *See* 1/5/2021 Intervenor's Orig. Pet., at p. 2, ¶ 2.03.

[13] *See id*. at pp. 6-7, ¶¶ 6.01-7.04; *see also Lowe v. Ingalls Shipbuilding, a Div. of Litton Sys., Inc*, 723 F.2d 1173, 1177 (5th Cir. 1984) (proper alignment of the parties for purposes of determining diversity jurisdiction is determined based on whether parties with the same "ultimate interests" in the outcome of the action are on the same side); *see*

## C. **Is Target a Defendant?**

Target is, quite frankly, unsure of its status in the underlying state-court case. Plaintiff recently named Target as a "Defendant" in the caption when it filed a Motion to Enforce Agreement as to Former Intervenor Target Corporation ("Motion to Enforce") against Target.[14] Before that, Target had briefly been a party when it intervened in the underlying action after learning that Plaintiff was seeking a temporary restraining order against Colburn that would permit Plaintiff to enter upon _Target's_ property.[15] But Target nonsuited its Plea in Intervention a week before Plaintiff filed his Motion to Enforce.[16]

After Target nonsuited its Plea in Intervention, Target entreated Plaintiff to "just sue it" so that discovery could proceed under applicable rules of civil procedure, which would clarify the parties' discovery obligations. It appears Plaintiff finally did so when he filed his Motion to Enforce against Target, as he named Target a "Defendant" in the caption and then "served" it through the state-court's e-filing system.[17] In Texas, plaintiffs can add and dismiss parties by simply adding and deleting names in the caption of the lawsuit.[18]

---

_also Peters v. Standard oil Co._, 174 F.2d 162, 163 (5th Cir. 1949) (courts must work out the relation of each party to the suit according to the nature of his real interest).

[14] _See_ 2/4/21 Pl.'s Mot. to Enforce Agrmt. as to Former Intervenor Target Corp.

[15] _See_ 11/3/20 Target Corp.'s Plea in Intervention and Resp. in Opposition to Pl.'s Orig. Pet. and Applic. for Temp. Restraining Order, for Injunctive Relief, and for an Order to Enter Upon Property

[16] _See_ 1/26/21 Target Corp.'s Not. of and, if Necessary, Mot. for Nonsuit and Dismissal, and 1/27/21 Order Granting Target Corp.'s Mot. to Nonsuit and Dismiss its Plea in Intervention.

[17] Target hereby waives proper service through citation and service of process.

[18] _See, e.g., Leggett v. LLC_, No. 2-06-128-CV, 2007 WL 2963775, at *1 (Tex. App.—Fort Worth 2007, pet. dism'd w.o.j.) (naming a party in the petition's caption or style is sufficient to make the party a defendant to the action); _Randolph v. Jackson Walker, L.L.P._, 29 S.W.3d 271, 274 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("When a party's name is omitted from an amended pleading, he is as effectively dismissed as where a formal order of dismissal is entered.").

To date, however, Plaintiff has not amended his state-court petition to articulate his claims and causes of action against Target. Rather, he has used his Original Petition against Colburn to indirectly point at Target and assign Target blame for his alleged damages.[19] For example, in his Original Petition,[20] Plaintiff asserted that Colburn "and possibly others… created the dangerous condition(s) that existed in the Distribution Center, proximately caused the incident, or, in the alternative, had control of the operations where the incident occurred."[21] Similarly, Plaintiff asserted that Colburn "and possibly others… had the duty, ability, and opportunity to discover and/or prevent the dangerous condition(s) causing the October 10, 2020 incident."[22] Similarly, Plaintiff later referred to the negligence and gross negligence of Colburn "and possibly others" causing his damages.[23] Indeed, Plaintiff took pains to make clear, "[t]here may be other people or businesses that likewise had such a duty [to protect Decedent], but, nevertheless, neglected that duty."[24] At one point Plaintiff says point blank, "[t]here are other persons and entities whose actions and omissions were likely a producing cause of injury" to decedent Lopez-Orenday.[25]

Because the totality of the circumstances (Plaintiff's clear intent to assert claims against Target and his adding Target's name as a "Defendant" in the caption) suggests Plaintiff intended

---

[19] The same is true of Intervenor Maria Jackson's Orig. Pet.

[20] *See* 10/22/2020 Pl.'s Orig. Pet. and Applic. for Temp. Restraining Order, for Injunctive Relief, and for an Order to Enter Upon Property.

[21] *Id.* at p. 3, ¶ 4.05 (emphasis added).

[22] *Id.* at p. 4, ¶ 4.07 (emphasis added).

[23] *Id.* at p. 9, ¶ 6.01 (emphasis added).

[24] *Id.* (emphasis added).

[25] *Id.* at p. 10, ¶ 7.03 (emphasis added).

to name Target as a party Defendant, Target has opted to remove the case now rather than risk waiver of its right to do so by failing to do so within the 30-day deadline set by 28 U.S.C. § 1446(b).

**D.   Colburn was Improperly/Fraudulently Joined**

    1.   The Citizenship of a Fraudulently-Joined Defendant Must Be Disregarded for Diversity Determination.

For purposes of determining diversity jurisdiction, a district court must disregard any defendant who has not been "properly" joined.[26] A non-diverse defendant is improperly joined if there was actual fraud in the pleading of jurisdictional facts or the plaintiff cannot establish a cause of action against the non-diverse defendant.[27] Fraudulent joinder may be established where, as here, there is no possibility that a plaintiff can maintain a cause of action against a named defendant based on the pleaded facts.[28]

To determine whether the plaintiff can establish a cause of action against a non-diverse defendant, district courts conduct a Federal Rule of Civil Procedure 12(b)(6) analysis.[29] The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[30] "[T]he existence of even a single valid cause of action against [non-

---

[26] *See* 28 U.S.C. § 1411(b)(2) (civil action removable based on diversity jurisdiction cannot be removed "if any of the parties in interest ***properly joined*** and served as defendants is a citizen of the State in which such action is brought." (emphasis added); *see also Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) ("The fraudulent joinder doctrine provides that a district court must disregard, for diversity jurisdiction purposes, the citizenship of an improperly joined defendant.").

[27] *See Waste Mgmt.*, 974 F.3d at 533; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[28] *Waste Mgmt.*, 974 F.3d 528 at 533; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

[29] *Waste Mgmt.*, 974 F.3d at 533; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (holding that the federal pleading standard applies when determining whether a plaintiff has stated a claim against a non-diverse defendant).

[30] *Waste Mgmt.*, 974 F.3d at 533 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted)).

diverse] defendants... requires remand of the entire case to state court."[31] Federal courts look to state law to determine whether a plaintiff may maintain a cause of action against a defendant.[32]

2. <u>Joinder is Improper if the Defendant is Immune under the State's Worker's Compensation Laws</u>.

If the undisputed material facts establish that a defendant is immune from suit under a state's workers' compensation laws, that defendant's citizenship must be disregarded for purposes of determining diversity jurisdiction.[33] Accordingly, where—like here—it is undisputed that the non-diverse defendant (Defendant Colburn in this case) was a fellow employee of a deceased worker covered by workers' compensation insurance (Decedent in this case), the defendant's (Defendant Colburn's) citizenship is disregarded, because the exclusive-remedy provision in Texas Workers' Compensation Act ("TWCA") precludes suit against fellow employees of a deceased worker.[34]

---

[31] *Waste Mgmt.*, 974 F.3d at 533 (citing *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)).

[32] *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[33] *See, e.g., Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816-17 (5th Cir. 1993) (defendant employer's citizenship properly disregarded where defendant was improperly joined based on its statutory immunity as worker's employer); *Gremillion v. AEP Tex. Cent. Co.*, 1:17-CV-225, 2018 WL 1308541, at *6 (S.D. Tex. Jan. 17, 2018), report and recommendation adopted, 1:17-CV-225, 2018 WL 1305554 (S.D. Tex. Mar. 12, 2018) (where decedent's parents' petition did not state a claim sufficient to survive a Rule 12(b)(6) motion against decedent's employer, who was immune under exclusive-remedy provision, employer's citizenship "should be disregarded for purposes of determining diversity"); *Gooch v. Packaging Corp. of Am. Inc.*, No. H-17-1673, 2017 WL 3495295, at *5 (S.D. Tex. Aug. 14, 2017) (employer was improperly joined because the exception to the Texas Workers' Compensation Act's exclusive-remedy provision did not apply to parents of a deceased worker covered by workers' compensation).

[34] *See, e.g., Jernigan*, 989 F.2d at 816-17 (defendant employer's citizenship properly disregarded where defendant was improperly joined based on its statutory immunity as worker's employer); *Gremillion*, 2018 WL 1308541, at *6 (decedent's parents' claim against employer not excepted by Texas Workers' Compensation Act's exclusive-remedy bar, and thus employer's citizenship "should be disregarded for purposes of determining diversity"); *Gooch*, 2017 WL 3495295, at *5 (disregarding employer's citizenship where the exception to the Texas Workers' Compensation Act's exclusive-remedy provision did not apply to parents of a deceased worker covered by workers' compensation).

3. Texas Does Not Permit Actions Against Fellow-Employees by Heirs-of-the-Body, Spouses, or Parents of a Decedent Worker Covered by Workers' Compensation.

Texas is unique in that, with a few exceptions, it allows both employers and employees to "opt-out" of mandatory workers' compensation coverage.[35] Unless the employee formally opts-out of coverage by complying with the notice requirements of the TWCA, he "waives the [his] right of action at common law or under a statute... to recover damages for personal injuries or death sustained in the course and scope of the employment"[36] and the recovery of workers' compensation benefits is "the exclusive remedy" of such employee or his legal beneficiary "against the employer or an agent or employee of the employer" for the death of the employee.[37]

The TWCA creates two exceptions to the exclusive-remedy bar for spouses and "heirs of the body" of a deceased worker: when the covered employee's death was caused by (1) "an intentional act or omission of the employer" or (2) by "the employer's gross negligence."[38] Significantly, while the exclusive-remedy provision bars suits against both the employer and "an agent or employee of the employer," the exceptions only allow suit against the employer; there is no similar exception for "an agent or employee of the employer."[39] Thus, when a covered employee is killed in the course and scope of his work, his spouse and children's only potential

---

[35] See Tex. Labor Code § 406.002(a) ("... an employer may elect to obtain workers' compensation insurance coverage") and Tex. Labor Code § 406.034(b) (employee may elect "to retain the common-law right of action to recover damages for personal injuries or death"); see also Texas West Oaks Hosp., LP. v. Williams, 371 S.W.3d 171, 186-87 (Tex. 2012).

[36] Tex. Labor Code § 406.034(a).

[37] Tex. Labor Code § 408.001(a).

[38] See Tex. Labor Code § 408.001(b).

[39] Compare Tex. Labor Code § 408.001(a) (applies to both employer and employee) with Tex. Labor Code § 408.001(b) (applies only to employer).

right of action is against his employer; they have no similar right of action against a fellow employee.[40] And parents of a killed worker covered by workers' compensation have no rights at all.[41]

    4.  <u>Colburn is Immune from Liability Under the Texas Workers' Compensation Act</u>.

Here, neither Plaintiff nor Intervenor Jackson can maintain a cause of action against Decedent's fellow-employee Colburn because the TWCA's exclusive-remedy bar precludes such a cause of action. As established by the Affidavit of Scott Randall, the Director of Safety for Hogan, Decedent and Defendant Colburn were both employees of Hogan on October 10, 2020—the day of Decedent's fatal accident.[42] Both were acting in the course and scope of their employment for Hogan at the Target Distribution Center in Midlothian, Texas, when the accident occurred.[43]

Further, Hogan was a workers' compensation subscriber on the day of the accident.[44] It had a workers' compensation policy in place on a form issued consistent with the requirements of the Texas Department of Insurance.[45] At no time did Decedent notify Hogan that he wished to opt-out of Texas workers' compensation benefits or that he wished to retain his common-law

---

[40] *See, e.g., Garrett v. Patterson-UTI Drilling Co. LP*, 299 S.W.3d 911, 914-17 (Tex. App.—Eastland 2009, pet. denied).

[41] TEX. LABOR CODE § 408.001; s*ee also, e.g., Gremillion*, 2018 WL 1308541, at *6 (decedent's parents' claim against employer not excepted by Texas Workers' Compensation Act's exclusive-remedy bar, and thus employer's citizenship "should be disregarded for purposes of determining diversity"); *Gooch*, 2017 WL 3495295, at *5 (disregarding employer's citizenship where the exception to the Texas Workers' Compensation Act's exclusive-remedy provision did not apply to parents of a deceased worker covered by workers' compensation).

[42] *See* Randall Aff., at p. 1, ¶¶ 4-5 (Ex. 1).

[43] *Id.,* at p. 2, ¶¶ 6, 10 (Ex. 1).

[44] *See id.*, at p. 2, ¶ 11, and the accompanying Ex. 1-A Certificate of Insurance to the Randall Aff. (Ex. 1).

[45] *Id.*, at p. 2, ¶¶ 11-12 (Ex. 1).

right to recover damages for personal injury.[46] Accordingly, Decedent's father (Plaintiff) and purported common-law wife (Intervenor Jackson) are both subject to the TWCA's exclusive-remedy provision and cannot maintain a cause of action under Texas law against Colburn.[47] Indeed, as a parent, Plaintiff has no cause of action against Hogan Dedicated or Colburn at all.[48]

Since neither Plaintiff nor Intervenor can plead a viable claim against Decedent's fellow-employee Colburn, Colburn was fraudulently joined and his residence must be disregarded for purposes of determining diversity. That leaves complete diversity of citizenship between Plaintiff and Intervenor on the one hand, and Target on the other, such that removal of this case is proper.

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admitted in his Original Petition filed against Colburn (before Target was added as a Defendant) that he is seeking damages over $1,000,000.[49] Specifically, Plaintiff seeks damages for loss of companionship and society, mental anguish, loss of inheritance, court costs, pre-judgment and post-judgment interest, and/or pecuniary losses, including, but not limited to, expenses for psychological treatment and funeral expenses.[50] Consequently, the amount in

---

[46] *Id.*, at p. 2, ¶ 13 (Ex. 1).

[47] *See* TEX. LABOR CODE § 408.001; s*ee also, e.g.*, *Gremillion*, 2018 WL 1308541, at *6 (decedent's parents' claim against employer not excepted by Texas Workers' Compensation Act's exclusive-remedy bar, and thus employer's citizenship "should be disregarded for purposes of determining diversity"); *Gooch*, 2017 WL 3495295, at *5 (disregarding employer's citizenship where the exception to the Texas Workers' Compensation Act's exclusive-remedy provision did not apply to parents of a deceased worker covered by workers' compensation).

[48] *See Gremillion*, 2018 WL 1308541, at *6 (decedent's parents' claim against employer not excepted by Texas Workers' Compensation Act's exclusive-remedy bar, and thus employer's citizenship "should be disregarded for purposes of determining diversity"); *Gooch*, 2017 WL 3495295, at *5 (disregarding employer's citizenship where the exception to the Texas Workers' Compensation Act's exclusive-remedy provision did not apply to parents of a deceased worker covered by workers' compensation).

[49] *See* 10/22/2020 Pl.'s Orig. Pet., at p. 1, ¶ 1.02.

[50] *Id.*, at p. 10, ¶ 7.03.

controversy exceeds $75,000, exclusive of interest and costs, and this case is properly removable.[51]

## V.
### REMOVAL IS TIMELY

This removal is timely because Target has filed it "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[52] Target received a copy of Plaintiff's Motion to Enforce—which first identified Target as a Defendant—on February 4, 2020, and this removal was filed within thirty days thereof. Moreover, more than one year has not passed since action was first filed in state court on October 22, 2020.[53]

## VI.
### ALL DEFENDANTS CONSENT TO REMOVAL

Defendant Brian Lynn Colburn consents to this Removal, as required by 28 U.S.C. § 1446(b)(2)(A).

## VII.
### PROPRIETY OF VENUE IN THIS COURT AND
### MOTION TO TRANSFER VENUE

#### A.  Propriety of Venue in this Court

Venue in this Court is proper under 28 U.S.C. § 1441(a) because this is the United States District Court for the district and division embracing Tarrant County, the place where the

---

[51] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (amount in controversy may be determined from face of the complaint) (citing *de Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993)).

[52] 28 U.S.C. § 1446(b).

[53] *See id*.

underlying action is pending.[54]

## B.  <u>Motion to Transfer Venue</u>

Pursuant to and as required by 28 U.S.C. § 1446(a), Target has removed this case to this Court because it is "the district court of the United States for the district and division within which such action is pending."

Target now moves to transfer venue to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), however, because Texas venue laws required that Plaintiff file this action in Ellis County, Texas, where the incident occurred.[55] While Texas venue laws permit a Plaintiff to file suit in the county of a natural defendant's residence as the time the cause of action accrued, a plaintiff may not establish venue by fraudulently naming as a defendant a deceased worker's fellow employee who is immune from suit under the Texas Workers' Compensation Act.[56] In Texas, if the law precludes a plaintiff from pleading a claim against a defendant, that defendant's residence cannot serve as a basis for establishing venue.[57]

Accordingly, the only place of proper venue under the Texas venue laws is "the county in which all or a substantial part of the events or omissions giving rise to the claim occurred."[58] The accident at issue giving rise occurred in Midlothian, Ellis County, Texas,[59] which is within the

---

[54] *See* 29 U.S.C. §1441(a).

[55] *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a).

[56] *See Garrett v. Patterson-UTI Drilling Co, L.P.*, 299 S.W.3d 911, 914-17 (Tex. App.—Fort Worth 2009, pet. denied) (trial court properly transferred suit from county where deceased worker's fellow employees lived because worker waived his right to sue fellow employees under the Texas Workers' Compensation Act, and where there is no viable claim against a particular defendant, that defendant's residence is immaterial).

[57] *Id.* at 914-15.

[58] TEX. R. CIV. P. 15.002(a)(1).

[59] *See* Pl.'s Orig. Pet. at pp. 2-2, ¶ 4.01.

Dallas Division of the Northern District of Texas. Accordingly, for the convenience of the witnesses, in the interest of justice—and to avoid allowing a plaintiff to employ fraudulent-joinder tactics in state court to dictate what federal court will hear a dispute—this Court should transfer venue to the Dallas Division of the Northern District of Texas.

## VIII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 96th Judicial District Court of Tarrant County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Further, pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

- Civil Cover Sheet;

- Supplemental Civil Cover Sheet;

- Index of Attachments;

- A copy of the state court docket sheet;

- A copy of each document filed in the state court action, except discovery material (listed in the Index of Attachments); and

- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Target Corporation respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division; that venue thereafter be transferred to the Dallas Division of the United States District Court for the Northern District of Texas; and for such other and further relief, in law or in equity, to which Defendant Target Corporation may show itself justly entitled.

- 14 -

Respectfully submitted,

/s/ Donna C. Peavler
**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara Kimbrough Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT
TARGET CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on February 22, 2021.

/s/ Donna C. Peavler
Donna C. Peavler